FILED
2026 Aug-13  PM 12:44
U.S. DISTRICT COURT
N.D. OF ALABAMA

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **DESTINY LONGS et al.,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **2:25-cv-1500-EGL** |
| | ) | |
| **TRAVELERS PROPERTY** | ) | |
| **CASUALTY COMPANY OF** | ) | |
| **AMERICA,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## <u>MEMORANDUM OPINION</u>

Destiny Longs sued Travelers Property Casualty Company of America under Alabama Code § 27-23-2, seeking to recover a personal injury judgment she obtained against co-plaintiff Roy Lewis in the Circuit Court of Jefferson County, Alabama. *See* Doc. 1-1 at 4-5.[1] Travelers removed the action to this Court, Doc. 1, and currently pending are both parties' motions for summary judgment, *see* Docs. 10, 30. Considering the motions, the evidentiary submissions, and after hearing oral argument, the Court finds that Travelers's motion (Doc. 30) is due to be granted and Longs's motion (Doc. 10) is due to be denied.

---

[1] Longs originally named Lewis as a defendant in the action. *See* Doc. 1-1 at 4. Travelers removed the action to this Court and asked the Court to re-align Lewis as a plaintiff because Lewis's interests as the judgment debtor align with Longs's interests as the judgment creditor. Doc. 1 at 5-6. The Court granted that request and realigned Lewis as a plaintiff. *See* Doc. 8.

## BACKGROUND

Longs was injured while working at Comfort Systems USA, Inc. Doc. 39-1 at ¶1. At the time of her injury, Longs was a rising senior at Spain Park High School and worked with Comfort Systems through a trade school elective connected with the Academy of Craft Training (ACT). *Id.* at ¶¶9-10. ACT worked with InTime Staffing, who in turn placed ACT students on payroll and provided workers' compensation coverage for the students. *Id.* at ¶17. As part of the ACT program, InTime placed Longs at Comfort Systems during the summer of 2019. *Id.* at ¶19

Roy Lewis supervised Longs's work as a laborer in the sheet-metal shop and "had the authority to decide where [Longs] worked and what tasks she performed." *Id.* at ¶¶23, 35-38. On July 8, 2019, Lewis assigned Longs to work at the coil-line machine to catch duct as it came off the end of the machine; Longs was pulled into the machine and sustained serious injuries. *Id.* at ¶¶39, 47, 56-57.

Longs filed a lawsuit in the Circuit County of Jefferson County, Alabama, against Comfort Systems, InTime, and Lewis. *Id.* at ¶¶1-2. The only claim asserted against Lewis was a Co-Employee Liability Claim under Alabama Code § 25-5-11, which proceeded to trial. *Id.* at ¶¶4-5. The jury returned a $10,000,000 verdict in favor of Longs against Lewis on that claim. *Id.* at ¶8.

Longs filed this suit against Travelers pursuant to Alabama Code § 27-23-2, seeking to recover payment of the $10,000,000 judgment against Lewis. She alleges

Lewis was insured under two Travelers policies issued to his employer, Comfort Systems USA: a Commercial Insurance Policy (CGL policy) and a Commercial Excess Liability Insurance Policy (umbrella policy). Doc. 1-1 at 5-6, ¶¶11-12. Longs claims she is "entitled to have the insurance money provided for in the CGL policy and the umbrella policy applied to the satisfaction of the April 11, 2025 judgment." *Id.* at ¶18. Travelers removed the case to this Court. *See* Doc. 1.

In February 2026, three months before the close of discovery, Longs moved for summary judgment, *see* Doc. 10, and Travelers responded asking the Court to defer ruling on the motion so it could complete discovery before responding, Doc. 13 at 1-2; Doc. 15 at 1-2. Travelers argued that Longs incorrectly relied on Alabama law in her motion, when Texas law controls the interpretation of the policy; and, if Texas law controls, Travelers argued that the record at the time was insufficient to support summary judgment and additional discovery was necessary to adequately oppose the motion. *See generally* Doc. 15. In response, Longs claimed additional discovery was unnecessary because Travelers waived its choice-of-law argument. Doc. 17 at 7-13. The Court granted Travelers's motion, extending the response deadline. *See* Doc. 21. The Court held that Travelers had not waived its right to argue that Texas law applies to the interpretation of the insurance policy. *Id.* at 3-4. Travelers has now responded to Longs's motion for summary judgment, Doc. 34, and filed its own motion requesting summary judgment in its favor, Doc. 30.

3

## STANDARD

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A factual dispute is genuine if the evidence would allow a reasonable jury to find for the nonmovant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). And a dispute is "material" if it might affect the case's outcome. *Allen v. Bd. of Pub. Educ. for Bibb Cnty.*, 495 F.3d 1306, 1313 (11th Cir. 2007).

The movant bears the initial burden of proving that no genuine issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-24 (1986). The movant may discharge its burden by pointing out the absence of evidence supporting an essential element of the nonmovant's case. *Id.* at 325. The district court must draw all inferences and review the evidence in the light most favorable to the nonmovant. *Johnson v. Clifton*, 74 F.3d 1087, 1090 (11th Cir. 1996).

Once the movant carries its initial burden, the nonmovant must come forward with specific facts showing a genuine dispute. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). If a rational trier of fact could not find for the nonmovant, there is no genuine dispute for trial. *Id.* But all reasonable doubts are resolved in the nonmovant's favor. *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir. 1993).

4

## ANALYSIS

The parties' cross motions for summary judgment raise the same issues—they agree that coverage applies only if, under the policy, Longs was a "temporary employee," *and* her injury was an "occurrence." *See* Docs. 12, 33, 40. Relevant to the definition and application of "occurrence" is the choice-of-law issue: whether the Court applies Alabama or Texas law to interpret the term.

For the reasons explained below, Texas law applies, and under Texas law, Longs's personal injury judgment against Lewis was not based on an "occurrence." Therefore, as a matter of law, the Travelers's policy does not provide coverage for the judgment Longs obtained against Lewis.

## I.    Choice of Law

The Court applies Alabama's choice-of-law provisions because its jurisdiction is based in diversity. *See Manuel v. Convergys Corp.*, 430 F.3d 1132, 1139 (11th Cir. 2005). Under Alabama choice-of-law principles, "a contract is governed by the laws of the state where it is made except where the parties have legally contracted with reference to the laws of another jurisdiction." *Cherry, Bekaert & Holland v. Brown*, 582 So. 2d 502, 506 (Ala. 1991) (explaining that Alabama follows the principle of "lex loci contractus" in determining which state's law governs the construction and validity of a contract); *see Colonial Life & Acc. Ins. Co. v. Hartford Fire Ins. Co.*, 358 F.3d 1306, 1308 (11th Cir. 2004). An

insurance policy is "made" where the policy was "issued and delivered" to the named insured. *Cherokee Ins. Co. v. Sanches*, 975 So. 2d 287, 293 (Ala. 2007).

The only evidence before the Court as to the policy's issuance and delivery is that the policy was issued and delivered in Texas. The first page of the policy lists as the "NAMED INSURED AND MAILING ADDRESS:" "COMFORT SYSTEMS USA INC." with a mailing address in Houston, Texas. Doc. 31-10 at 2. The policy period begins and ends based on "Standard Time at [that] mailing address." *Id.* The address of the agent or broker for Comfort Systems is also in Houston, Texas. *Id.* And the next page of the policy likewise states that the document is:

> A Custom Insurance Policy Prepared for:
>
> COMFORT SYSTEMS USA INC.
> 675 BERING DR
> SUITE 400
> HOUSTON TX 77057

*Id.* at 3. In her complaint, Longs alleges that this policy was "provided to his employer, Comfort Systems USA, Inc., by" Travelers. Doc. 1-1 at 5, ¶11. And Longs does not dispute that the relevant policy contains the Texas mailing address. Doc. 39-1 at ¶58.

This unrebutted evidence is sufficient to establish that the policy was "issued for delivery" in Texas. *See Thompson v. Acceptance Ins. Co.*, 689 So. 2d 89, 90-92 (Ala. Civ. App. 1996) (holding that an insurance policy was issued for delivery in

Kentucky when "[Insurer's] agents issued a policy to [Insured] at [Insured's] Kentucky address"). Longs argues that the mailing address of Comfort Systems and its insurance broker "is not enough" to show where the policy was issued and delivered. Doc. 40 at 17.[2] But she provides no evidence that the policy was executed in any state other than Texas. *See id.*[3] The Court thus finds that the Travelers policies were issued and delivered to the insured, Comfort Systems USA, at its Houston, Texas mailing address. *See Cunningham v. USAA Cas. Ins. Co.*, No. 2:16-cv-325, 2018 WL 3368890, at *3 (N.D. Ala. July 10, 2018) ("Alabama courts have looked to the mailing address to determine the state to which a policy was 'issued for delivery.'"); *see, e.g.*, *Mid-Continent Cas. Co. v. Basdeo*, No. 8-cv-61473, 2009 WL 10664198, at *6 n.5 (S.D. Fla. Sept. 15, 2009) (holding that under the doctrine of lex loci contractus, the law of Florida governed when the "policy at issue in this case was delivered to a mailing address for [Insured] located in Florida"). The mailing address on the policy produced by the insured is sufficient evidence that the policy was issued and delivered to the insured at its principal place of business, and Texas

---

[2] Longs also argues that Travelers waived its opportunity to rely on Texas law. *See* Doc. 38 at 13; Doc. 40 at 15-16. The Court already held that Travelers did not waive the right to argue that Texas law applies, Doc. 21 at 3-4, and again rejects that waiver argument.

[3] Longs cites *Travelers Indemnity Company of America v. Johnson*, No. 2:21-cv-528, 2023 WL 2619135, at *1 (M.D. Ala. Mar. 23, 2023), to argue that the mailing address is not enough evidence for the Court to resolve the choice of law issue, Doc. 40 at 17-18. In that case, the court required the parties to engage in more discovery to further brief the choice-of-law issue. *Travelers*, 2023 WL 2619135, at *1-2. Neither party has asked for more discovery or suggested that it would be useful, and to the extent Longs thought there might be evidence that some other state's law applies, she already had ample time to gather it. *See* Docs. 12, 15, 21.

law thus governs the construction and interpretation of the policy.

## II.    Travelers Policy Coverage

The parties agree that, due to exclusions within the Travelers's policy, Longs can recover only if she was a "temporary worker" who suffered a bodily injury that resulted from an "occurrence." *See* Docs. 12, 33, 40. The cross motions for summary judgment therefore raise the same issues: Longs can succeed at summary judgment only if, as a matter of law, she was a temporary employee and her injury was an occurrence, and vice versa, Travelers will succeed if, as a matter of law, at least one of those definitions is not satisfied.[4]

The Travelers CGL policy issued to Comfort Systems provides coverage for "bodily injury" only if the bodily injury "is caused by an 'occurrence,'" Doc. 31-10 at 20, which is defined as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions," *id.* at 33. The policy further excludes "bodily injury" which is "expected or intended from the standpoint of the insured." *Id.* at 21.

"Occurrence" is defined as "an accident," *id.* at 20, but "accident" is not otherwise defined in the policy and is therefore given its generally accepted or

---

[4] Under the policy, an "employee" is not insured for "bodily injury" to a "co-'employee.'" Doc. 31-10 at 28. The definition of employee includes a "leased worker" but does not include a "temporary worker." *Id.* at 32, 34. The parties disagree as to Longs's employee status, *see* Docs. 12, 33, 40, but the Court need not resolve that dispute because the verdict for which Longs seeks coverage was not based on an occurrence and therefore is not covered by the policy, regardless of her employee status.

commonly understood meaning, *see Lamar Homes, Inc. v. Mid-Continent Cas. Co.*, 242 S.W.3d 1, 8 (Tex. 2007). The Texas Supreme Court has held that "a claim does not involve an accident or occurrence" when the insured intended the result or when "the resulting damage was the natural and expected result of the insured's actions." *Id.* at 9.

Texas courts apply a two-step analysis to determine whether an act or event constitutes an "accident," and therefore an "occurrence." *See Wessinger v. Fire Ins. Exch.*, 949 S.W.2d 834, 837 (Tex. App. 1997). At the first step, the Court must determine whether the act which caused the plaintiff's damages was "voluntary and intentional." *Id.* Here, it is undisputed that Lewis intentionally assigned Longs to work at the coil machine on the day of her injury. Doc. 39-1 at ¶39. That assignment is the "act" which led to her injury, and because the assignment was voluntarily and intentional, the Court moves on to the second step.

The second step requires the Court to determine if the injuries were a "natural and probable consequence" of that intentional act, meaning the "result that ordinarily follows, may be reasonably anticipated, and ought to be expected." *Wessinger*, 949 S.W.2d at 837. Longs argues "the insured's subjective intent that their conduct would cause injury is required," Doc. 40 at 11, and here, Lewis did not "intend to injure Longs by directing her to work on [the coil] machine," *id.* at 9. But the standard at this step "is objective. A person is held to intend the natural and probable

9

results of his acts even if he did not subjectively intend or anticipate those consequences." *Wessinger*, 949 S.W.2d at 837 (citing *Republic Nat. Life Ins. Co. v. Heyward*, 536 S.W.2d 549, 555 (Tex. 1976) ("[E]very man must be held to intend the natural and probable consequence of his deeds.")). Thus, whether Lewis subjectively intended for Longs to be harmed is irrelevant. He intended to place her at the coil machine, and the question is whether her injury is the type that "would ordinarily follow from, or could reasonably be anticipated from," his intentional act of assignment. *Acceptance Ins. Co. v. Lifecare Corp.*, 89 S.W.3d 773, 783 (Tex. App. 2002) (citing *Trinity Universal Ins. Co. v. Cowan*, 945 S.W.2d 819, 827-28 (Tex. 1997)).

Because Longs is suing Travelers under Alabama Code § 27-23-2 for a verdict she recovered in state court, what matters for coverage purposes is the verdict and the jury instructions that led to it.[5] To recover on the underlying claim, Longs had to prove the following:

> That defendant, Roy Lewis, required Destiny Longs to work on a machine that he knew to be dangerous, even though he should have known that she was prohibited from working on the machine. **That a reasonable person in Roy Lewis' position would have known that Destiny Longs' harm was substantially certain to follow from his actions,** and that Defendant, Lewis's, actions caused Destiny Longs harm.

---

[5] At the hearing on these motions, Longs agreed that what matters is the jury instruction—i.e., if there is any way, when considering the jury instruction, Longs's injury could be deemed an "occurrence." The jury instructions and resulting verdict are undisputed.

Doc. 31-3 at 866-67 (emphasis added). Longs's recovery, therefore, is based on her showing that a reasonable person in Lewis's position would have known that her harm was "substantially certain to follow from his actions," *id.*, or in the words of Texas law, that Lewis could have "reasonably anticipated" Longs's harm. *Wessinger*, 949 S.W.2d at 837-38; *Acceptance Ins. Co.*, 89 S.W.3d at 783.

Lewis intentionally assigned Longs to work on the coil machine, and she was injured as a result of that assignment. She recovered a verdict against Lewis based on her proof that a reasonable person in Lewis's position "would have known that [Longs's] harm was substantially certain to follow from his actions." Doc. 31-3 at 866-67. Longs's verdict against Lewis is therefore based on an intentional act that resulted in injuries which could reasonably be anticipated from his actions, and thus that "intentional act is not an occurrence within the meaning of the policy definition." *Acceptance Ins. Co.*, 89 S.W.3d at 783. The Travelers Policy therefore does not provide coverage for Longs's $10,000,000 verdict.

11

## CONCLUSION

Travelers's Motion for Summary Judgment (Doc. 30) is **GRANTED**, and accordingly, Longs's Motion (Doc. 10) is **DENIED**. Travelers's Motion to Strike Longs's Designation of Expert Witness (Doc. 22) is **DENIED AS MOOT**.

**DONE** and **ORDERED** this 13th day of August, 2026.

**EDMUND G. LACOUR JR.**
UNITED STATES DISTRICT JUDGE